UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| MAHAMADOU KONATE, | |
| Plaintiff, | Civil Action No. 5: 24-381-KKC |
| v. | |
| OFFICER MORELLI, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant James Morelli has filed a motion to dismiss the complaint filed by plaintiff Mahamadou Konate. *See* [R. 12]  Konate has filed his response, *see* [R. 16], to which the defendant has replied, *see* [R. 18].  The motion is ripe for decision.

**A. Background**

In his complaint, Konate alleges that on December 25, 2023, "[d]espite clear evidence demonstrating his sobriety, Plaintiff was unjustly detained, charged, and subjected to a warrantless search by Officer Morelli, an officer employed by the University of Kentucky Police Department." [R. 1 at 1]  Specifically, Konate alleges that Morelli pulled over his vehicle for a traffic violation. After Konate protested that he was sober, Morelli allegedly searched Konate's car and wallet, which he contends was done without a warrant or probable cause. *Id*. at 2.  Konate alleges that he was arrested and Morelli charged him with reckless driving and driving under the influence ("DUI"). [R. 1 at 3]  Konate was detained for several hours before he was released from custody. *Id*.[1]  Based upon these events, Konate sues Officer Morelli under the Fourth and Fourteenth

---

[1] Konate also sued the University of Kentucky ("UK") based upon these events. *See* [R. 1 at 3-4]  The Court dismissed those claims upon initial screening. *See* [R. 9 at 2]

1

Amendments for unlawful search, fabrication of evidence, racial and cultural discrimination, unlawful arrest, and malicious prosecution. [R. 1 at 4-9, 12-13] Konate also asserts pendent state law claims for the tort of outrage and defamation. *Id*. at 9-12.

This case represents the second proceeding filed by Konate arising out of the same events. In the first action, Konate alleged that it was not Morelli but UK Officer Robert Vander Laan who pulled over his vehicle, conducted field sobriety tests, arrested him, and charged him with reckless driving and DUI. *See Konate v. Officer Vander Laan*, Civil Action No. 5: 24-154-KKC (E.D. Ky. 2024) [R. 6 therein at 2-4]. That version of events is consistent with body-worn video ("BWV") footage from Vander Laan's body camera. *See* [R. 12-2]

In the present case, Morelli seeks dismissal of the complaint on the grounds that he "did not stop, arrest, or charge Konate[.]"[2] *See* [R. 12 at 2] Morelli has submitted BWV from his own body camera to support that contention. *See* [R. 12-1] The 28-minute BWV shows Morelli arriving at the scene after Officer Vander Laan had already pulled Konate's vehicle over. While Vander Laan was conducting field sobriety tests of Konate, Morelli was standing 15-20 feet away next to the vehicle and talking to the passenger who remained in the car. After Vander Laan handcuffed Konate and placed him in his cruiser, Morelli walked to Konate's car and retrieved Konate's car keys from the area of the driver's seat to facilitate towing the vehicle. He also briefly searched around the seat area for alcohol. At Konate's request, Morelli retrieved Konate's wallet from the cabin of his car. Morelli opened the wallet to confirm that it was Konate's and then closed it. The BWV shows that the wallet was open for at most two seconds, and does not show Morelli searching the wallet during that brief span. Morelli then deposited Konate's wallet onto

---

[2] Morelli does not contend that Konate's allegations are barred by judicial estoppel, *see generally Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, 855 F. App'x 239, 243 (6th Cir. 2021), so the Court does not address the question.

the passenger seat of Vander Laan's cruiser. *See id*. After Vander Laan drove Konate to the police station, it was he who attempted to obtain a breathalyzer test, not Morelli. *See* [R. 12-2; R. 12-5; R. 12-6] And the Uniform Citation detailing the charges against Konate was completed by Vander Laan, listing Morelli only as a witness. *See* [R. 12-4]

## B. Discussion

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all well-pleaded facts in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). However, the allegations of a complaint may be rejected if they are so clearly contradicted by the record that no reasonable jury could accept them. *Cf. Bailey v. City of Ann Arbor*, 860 F.3d 382, 386-87 (6th Cir. 2017) (indicating that where "the video 'utterly discredits' the plaintiff's version of events" the Court can "ignore the 'visible fiction' in his complaint" when deciding a motion to dismiss) (cleaned up).

Ordinarily, the sufficiency of the complaint is tested with reference only to the face of the complaint itself. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013). But if a plaintiff refers to a document in his complaint and it is central to his claim, the document will be considered part of the pleadings even when the plaintiff does not attach it to his complaint if the defendant attaches it to the motion to dismiss. *Campbell v. Nationstar Mtg.*, 611 F. App'x 288 (6th Cir. 2015) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). Here, Konate repeatedly refers to body camera footage in his complaint. *See* [R. 1]. And "where a complaint even implicitly relies on a video it can make sense to consider it even at an early stage of litigation … because if a video clearly depicts a set of facts contrary to those alleged in the complaint, this

3

makes a plaintiff's allegations implausible."). *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (cleaned up).

Morelli first argues that he was not personally involved in Konate's initial traffic stop, sobriety testing, arrest, or charging, requiring dismissal of the claims predicated upon these acts. *See* [R. 12 at 10, 14-16, 19-21] The Court agrees. To hold a particular defendant liable under Section 1983, a plaintiff must demonstrate "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions."). Therefore, "to establish liability and to overcome a qualified immunity defense, an individual must show that his or her own rights were violated, and that the violation was committed personally by the defendant." *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014).

There is no question that Morelli was not involved in the initial traffic stop; the BWV conclusively establishes that he played no role in deciding whether to stop Konate's vehicle and he was not physically present when that occurred. The Court therefore rejects the allegations in Konate's complaint to the contrary. *Bailey*, 860 F.3d at 386-87. Konate does not assert any claim based solely upon the fact that he was subjected to field sobriety testing, and in any event Vander Laan conducted that testing without Morelli's participation. *See* [R. 12-1; R. 12-2]

As for the arrest, an officer can be personally involved in making an arrest either by physically restraining or handcuffing the plaintiff or by failing to intervene when he had good reason to question whether probable cause existed for the arrest. *Harris v. City of Saginaw, Michigan*, 62 F.4th 1028, 1036 (6th Cir. 2023) (*citing Kennedy v. City of Cincinnati*, 595 F.3d 327, 337 (6th Cir. 2010)). Neither is true here. Konate does not allege that Morelli played any role in

4

placing him in handcuffs, and the BWV clearly shows that Officer Vander Laan alone performed that task. Nor did Officer Morelli have any reason to second-guess Vander Laan's assessment of Konate's impairment or fitness to drive. The BWV shows that he did not participate in the sobriety testing; instead, Morelli stood at some remove from where Vander Laan conducted those tests, beside the passenger door, and engaged throughout in conversation with Konate's friend. Morelli was simply not positioned nearby that testing or attentive to Konate's test performance. Accordingly, Morelli was not personally involved in Konate's arrest as required for liability to attach, and this claim must be dismissed. *Pollard v. City of Columbus, Ohio*, 780 F.3d 395, 402 (6th Cir. 2015) ("An individualized analysis must still be done to ensure that a defendant's liability is assessed based on his own individual conduct and not the conduct of others.") (cleaned up).

Morelli next argues that his warrantless search of the vehicle for signs of alcohol, after Konate had been arrested for DUI, was justified as a search incident to arrest. [R. 12 at 13-14] One of the exceptions to the warrant requirement "is a search incident to a lawful arrest [which] derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). With respect to evidence preservation, "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' … the offense of arrest will [in certain cases] supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Id*. at 343-44. Here, Vander Laan had placed Konate under arrest for DUI. Given the nature of that charge and under the totality of circumstances, Morelli's brief search of the vehicle's driver compartment for alcohol-related evidence was justified as one incident to arrest. *See Thomas v. Plummer*, 489 F. App'x 116, 121 (6th Cir. 2012) ("Courts following *Brown* have consistently held that an officer

who arrests a driver for operating under the influence has a reasonable belief that there will be evidence of operating under the influence in the car."); *United States v. Black*, 240 F. App'x 95, 101-02 (6th Cir. 2007); *United States v. Stapleton*, No. 12-11-ART-1, 2013 WL 3935104, at *3-4 (E.D. Ky. July 30, 2013).

Konate also asserts a claim against Morelli for malicious prosecution. *See* [R. 1 at 12-13] The threshold element that a plaintiff must show to establish a malicious prosecution claim under Section 1983 is that the defendant "made, influenced, or participated in" the decision to initiate a criminal prosecution against him. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). Such a claim necessarily fails without such involvement. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). Here, the record establishes that Morelli played no role in the decision to charge Konate. Vander Laan was the officer who pulled over Konate's vehicle, conducted the field sobriety tests, handcuffed Konate to place him under arrest, attempted to obtain a breathalyzer test from Konate at the station, completed and signed all of the investigatory and report forms, and issued the Uniform Citation charging Konate with criminal offenses. *See* [R. 12-1; 12-2; R. 12-4; R. 12-5; R. 12-6] "To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015). The facts demonstrate that Morelli did not aid, influence, or indeed play any role at all in Vander Laan's decision to prosecute Konate, so this claim will be dismissed.

Konate asserts that Morelli violated his "procedural due process rights by introducing false allegations and fabricating evidence to justify an unwarranted arrest" for DUI. *See* [R. 1 at 5] He also asserts that "Morelli's escalation of the stop, unlawful search, and fabricated charges reflect bias against Plaintiff as a Black Muslim." *Id*. at 6. These claims fail to state a claim for two

reasons. First, as noted above the BWV and evidence of record establish that Morelli only searched Konate's car; he did not participate in the stopping of Konate's vehicle, his arrest, or prosecution.

Second, Konate's claim that Morelli fabricated evidence and discriminated against him are entirely conclusory. Konate does not identify in his complaint what evidence, if any, was allegedly fabricated.[3] Konate's equal protection claim is similarly unsupported by any facts in his complaint: his bald allegation that Morelli "treated him differently compared to similarly situated individuals" amounts to no more than a legal conclusion unaccompanied by any concrete factual allegation indicative of disparate treatment. This is not permitted: to state a viable claim for relief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation.") (cleaned up); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Simply labeling a defendant's actions as "discriminatory" deprives him of notice of the conduct complained of, a notice to which he is entitled. Because the complaint does not provide any factual basis for the claims set forth in the complaint, they must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).

In addition to his federal claims, Konate asserts pendent state law claims for the tort of outrage and defamation. However, a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims early in the proceedings, the Court concludes that the balance of judicial

---

[3] Indeed, Konate appears to claim that it was the *charges* against him - not the evidence upon which they were based - that were "fabricated" because they were not supported by probable cause. *See* [R. 1 at 6, ¶ 37] So understood, this claim merely recasts his non-viable claim against Morelli that his arrest was not supported by probable cause as one for "fabrication" of evidence. That claim necessarily fails.

economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *See Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss Konate's state law claims without prejudice.

Accordingly, it is **ORDERED** as follows:

1. Morelli's motion to dismiss [R. 12] is **GRANTED**.

2. Plaintiff Mahamadou Konate's complaint [R. 1] is **DISMISSED**.

3. Konate's federal claims against Officer Morelli are **DISMISSED**; Konate's state law claims are **DISMISSED** without prejudice.

4. This matter is **STRICKEN** from the docket.

Entered: September 25, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY